---

### PEOPLE v. MYRENBERG.

(Supreme Court, Appellate Division, First Department. November 17, 1911.)

1. INFANTS (§ 20*)—MORALS—CORRUPTION—OFFENSES.

    In order to sustain a conviction under Penal Law (Consol. Laws 1909, c. 40) § 483, for corrupting the morals of an infant under 16 years of age by inducing him to steal from his employer, the people must establish

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that defendant was instrumental in inducing the child to steal, and that at the time he was actually or apparently under 16 years of age.

[Ed. Note.—For other cases, see Infants, Dec. Dig. § 20.*]

2. INFANTS (§ 20*)—MORALS—CORRUPTION—AGE.

In a prosecution for depraving the morals of an infant under 16 by inducing him to steal from his employer, evidence of the infant and his father as to when he was born, showing that he was under 16 years of age when he came under defendant's influence, was sufficient, in the absence of contradiction to prove the fact.

[Ed. Note.—For other cases, see Infants, Dec. Dig. § 20.*]

3. INFANTS (§ 20*)—MORALS—CORRUPTION.

In a prosecution for corrupting the morals of an infant under 16 years of age by inducing him to steal from his employer, evidence that he had once committed larceny from his employer before he met defendant was no defense.

[Ed. Note.—For other cases, see Infants, Dec. Dig. § 20.*]

Appeal from Court of General Sessions, New York County.

Herman Myrenberg was convicted of willfully permitting the morals of a child under 16 years of age to become depraved, and he appeals. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Alex. I. Hahn, for appellant.

Robert S. Johnstone, for the People.

SCOTT, J. This is an appeal from a judgment of the Court of General Sessions convicting defendant of a violation of section 483 of the penal law (Consol. Laws 1909, c. 40), which reads as follows:

"A person who: (1) Wilfully causes or permits the life or limb of any child actually or apparently under the age of sixteen years to be endangered or its health to be injured, or its morals to become depraved; or (2) Wilfully causes or permits such child to be placed in such a situation or to engage in such an occupation that its life or limb is endangered, or its health is likely to be injured or its morals likely to be impaired, is guilty of a misdemeanor."

The particular offense with which defendant was charged was that he had induced a youth named Uffner, who was stock clerk in a lace importing house, to steal laces from his employers.

[1] In order to justify a conviction under the statute, it was necessary for the people to establish (1) that defendant was instrumental in inducing Uffner to steal; and (2) that Uffner was at the time actually or apparently under the age of 16 years. That the first proposition was sufficiently established admits of little doubt. Not only is Uffner's testimony on this point positive, but there are many other circumstances which lend it color and probability.

[2] The appellant's main contention is that the evidence as to Uffner's age at the time he is said to have been induced to steal is not satisfactory. Both Uffner and his father swore that the former was born November 25, 1893, which would have made him 16 years of age on November 25. 1909. This evidence was competent, and, in the absence of contradiction, was persuasive. Furthermore, the learned and

experienced judges constituting the court by which the defendant was convicted had the advantage of seeing the complainant, and their judgment as to his age is entitled to weight, in conjunction with the direct evidence as to the date of birth. We have no difficulty, therefore, on the score of the evidence as to Uffner's age.

[3] It is insisted, however, that even if it were satisfactorily established that Uffner became 16 years of age on November 25, 1909, still the defendant should not have been convicted because the acts charged against him as the gravamen of his offense were committed after that date. On this point considerable evidence was introduced, some of it of a very contradictory character. On the one hand was Uffner's testimony that defendant began to tempt him to steal in October, and, on the other hand, defendant and certain witnesses called by him put the commencement of the relations between Uffner and defendant at a date after November 25th. In view of the character of this evidence and of defendant's witnesses, we are indisposed to question the finding of the fact by the court below that the course of dealing between Uffner and the defendant began before November 25, 1909. We are informed by the briefs, although it does not appear in the record, that a certificate of reasonable doubt was given to defendant on the ground that, although he might have induced Uffner to steal, yet that he could not thereby cause Uffner's morals to be depraved, since it appears that on at least one occasion he had stolen lace from his employer before he met defendant. The argument appears to be that, because a young man has once fallen into error, he is so utterly lost and depraved that he is incapable of falling or being led any lower. To this argument we are unable to yield, and the defendant himself suggests it with but little apparent conviction. Surely one who discovers a young man entering upon the path of wrongdoing, and encourages him to continue upon that path, instead of seeking to turn him aside, is justly charged with depraving his morals.

Judgment of conviction affirmed. All concur.